

**UNITED STATES**
**SECURITIES AND EXCHANGE COMMISSION**
WASHINGTON, D.C. 20549

DIVISION OF
ENFORCEMENT

Nicholas C. Margida<br>
Assistant Chief Litigation Counsel<br>
Division of Enforcement<br>
Tel: (202) 551-8504<br>
MargidaN@sec.gov

January 18, 2023

<u>**Via ECF**</u>

The Honorable Eric R. Komitee
U.S. District Court for the Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

  Re: *SEC v. Grybniak, et al.*, 1:20-cv-327-EK-MMH

Dear Judge Komitee:

  Plaintiff Securities and Exchange Commission ("SEC") respectfully provides notice of the attached supplemental authority, the November 7, 2022 Memorandum and Order in *SEC v. LBRY, Inc.*, No. 21-cv-260-PB, 2022 WL 16744741 (D.N.H.), which relates directly to arguments made by the SEC and Defendants in briefing the SEC's motion for partial summary judgment (ECF No. 51) and Defendants' cross-motion (ECF No. 55), set for oral argument on January 23, 2023. Specifically, the *LBRY* opinion addresses the following subjects relevant to the pending motions: (1) the applicability of Section 5 of the Securities Act of 1933 ("Securities Act") and the "*Howey* test" to the offer and sale of crypto assets, like the OPP Tokens at issue here, and (2) the availability of a constitutional due process defense, like the one asserted by Defendants in this case. *Id.*

  In *LBRY*, the Court granted the SEC's motion for summary judgment and denied LBRY's cross-motion, holding that no reasonable trier of fact could reject the SEC's contention that LBRY offered and sold blockchain tokens, called LBC, as securities in the form of investment contracts, in violation of Securities Act Section 5. *Id.* at *4, 7-8. In applying the "*Howey* test", the Court analyzed LBRY's representations to prospective purchasers in social media posts, blogs, and articles about the growth potential of LBC, and found that LBRY had led investors to reasonably expect profits to be derived from the entrepreneurial or managerial efforts of others. *Id.* at *4-6. Even in the absence of those statements, the Court found that LBRY—"by intertwining [its] financial fate with the commercial success of LBC"—"made it obvious to its investors that it would work diligently to develop [its digital-content sharing] Network so that LBC would increase in value." *Id.* at *7.

Hon. Eric Komitee
Page 2

      Lastly, the court rejected LBRY's due process defense as not triable, finding that "LBRY [wa]s in no position to claim that it did not receive fair notice that its conduct was unlawful", where "the SEC ha[d] based its claim on a straightforward application of a venerable Supreme Court precedent [*Howey*] that has been applied by hundreds of federal courts across the country over more than 70 years." *Id.* at *8.

                                                     Respectfully submitted,

                                                     */s/ Nicholas C. Margida*
                                                     Nicholas C. Margida
                                                     *Counsel for Plaintiff SEC*

Attachment

Cc:    All Counsel of Record (via ECF)