UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| U.S. SECURITIES AND EXCHANGE COMMISSION,<br><br>    Plaintiff,<br><br> vs.<br><br>SERGII "SERGEY" GRYBNIAK, and OPPORTY INTERNATIONAL, INC.,<br><br>    Defendants, and<br><br>CLEVER SOLUTION INC.,<br><br>    Relief Defendant. | Case No.  1:20-cv-327-EK-MMH |

**PLAINTIFF U.S. SECURITIES AND EXCHANGE COMMISSION'S CONSENT MOTION TO VOLUNTARILY DISMISS RELIEF DEFENDANT CLEVER SOLUTION INC.**

Plaintiff U.S. Securities and Exchange Commission (the "Commission"), respectfully moves, pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure, to voluntarily dismiss its claim in this matter against Relief Defendant Clever Solution Inc. ("Clever Solution"). The Commission has conferred with counsel for Clever Solution, which has consented to this motion and its dismissal from the case.

The Complaint in this action, filed January 2020, alleged violations by Defendants Sergii "Sergey" Grybniak ("Grybniak") and Opporty International, Inc. of the registration and antifraud provisions of the federal securities laws, and included an unjust enrichment claim against Clever Solution. (ECF No. 1.) On September 24, 2024, the Court granted in part the Commission's motion for partial summary judgment, finding Defendants liable for violating Section 5 of the Securities Act of 1933 and denying Defendants' cross motion for summary judgment on all claims. (ECF No. 77.)

Defendants have offered to settle this litigation and have executed Consents, which the Commission filed earlier today, along with a motion for entry of final judgment against Defendants and a Proposed Final Judgment. (ECF No. 79.) Granting that motion, in conjunction with the instant motion, would resolve all outstanding claims in this case.

"The decision whether to grant a motion for voluntary dismissal under Rule 41(a)(2) rests with the sound discretion of the trial courts." *Mercer Tool Corp. v. Friedr. Dick GmbH*, 175 F.R.D. 173, 175 (E.D.N.Y. 1997). Such dismissal "should be granted under Rule 41(a)(2) where the defendant will not suffer any legal prejudice." *Id.* (citing *D'Alto v. Dahon California, Inc.*, 100 F. 3d 281, 283 (2d Cir. 1996)). Here, dismissal would not prejudice Clever Solution. Clever Solution has consented to dismissal. Further, Clever Solution is a New York company wholly owned by Grybniak, who is its sole officer. (ECF No. 20, ¶ 19.) The Commission's unjust enrichment claim against Clever Solution is derivative of, and encompassed by, its claims against Defendants, which would be resolved in full upon the Court's approval of the settlement and entry of final judgment against them. Thus, given the settlement, the Commission need not proceed against Clever Solution—a relief defendant from which it could only obtain monetary relief. Accordingly, the Commission moves to voluntarily dismiss the case against Clever Solution and submits herewith a Proposed Order.

Dated: January 17, 2025               Respectfully submitted,

                                          /s/ *Nicholas C. Margida*
                                          Nicholas C. Margida
                                          Mark M. Oh
                                          Kendra Kinnaird
                                          U.S. SECURITIES AND EXCHANGE COMMISSION
                                          Division of Enforcement
                                          100 F Street, N.E.
                                          Washington, DC 20549-5977
                                          (202) 551-8504 (Margida)
                                          MargidaN@SEC.gov

                                          *Counsel for Plaintiff U.S. Securities and Exchange Commission*

## **CERTIFICATE OF SERVICE**

I hereby certify that on January 17, 2025, I caused a copy of the foregoing to be served, pursuant to the parties' agreement to accept electronic service, on counsel for Defendants and Relief Defendant, Glenn Manishin, at glenn@paradigmshiftlaw.com.

                                                  */s/ Nicholas C. Margida*
                                                  *Counsel for Plaintiff*
                                                  *U.S. Securities and Exchange Commission*