Exhibit 3

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| U.S. SECURITIES AND EXCHANGE COMMISSION,<br><br>    Plaintiff,<br><br>vs.<br><br>SERGII "SERGEY" GRYBNIAK, and OPPORTY INTERNATIONAL, INC.,<br><br>    Defendants, and<br><br>CLEVER SOLUTION INC.,<br><br>    Relief Defendant. | Case No. 1:20-cv-327-EK-MMH |

## FINAL JUDGMENT AS TO DEFENDANTS SERGII GRYBNIAK AND OPPORTY INTERNATIONAL, INC.

The Securities and Exchange Commission having filed a Complaint and defendants Sergii "Sergey" Grybniak ("Grybniak") and Opporty International, Inc. ("Opporty") (collectively, "Defendants") having entered a general appearance; consented to the Court's jurisdiction over Defendants and the subject matter of this action; consented to entry of this Final Judgment without admitting or denying the allegations of the Complaint (except as to jurisdiction and except as otherwise provided herein in paragraph VII); waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment:

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendants are permanently restrained and enjoined from violating Sections 17(a)(2) and (3) of the Securities Act of 1933 (the "Securities Act") [15 U.S.C. § 77q(a)(2), (3)] in the offer or sale of any security by the use

of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

(2) to obtain money or property by means of any untrue statement of material fact, or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

(3) to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendants' officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendants or with anyone described in (a).

II.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendants are permanently restrained and enjoined from violating Section 5 of the Securities Act [15 U.S.C. § 77e] by, directly or indirectly, in the absence of any applicable exemption:

(a) unless a registration statement is in effect as to a security, making use of any means or instruments of transportation or communication in interstate commerce or of the mails to sell such security through the use or medium of any prospectus or otherwise;

(b) unless a registration statement is in effect as to a security, carrying or causing to be carried through the mails or in interstate commerce, by means or instruments of transportation, any security for the purpose of sale or for delivery after sale; or

(c) making use of any means or instruments of transportation or communication in interstate commerce or of the mails to offer to sell or offer to buy through the use or

medium of any prospectus or otherwise any security, unless a registration statement has been filed with the Commission as to such security, or while the registration statement is the subject of a refusal order or stop order or (prior to the effective date of the registration statement) any public proceeding or examination under Section 8 of the Securities Act [15 U.S.C. § 77h].

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendants' officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendants or with anyone described in (a).

III.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, pursuant to Section 21(d)(5) of the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. § 78u(d)(5)], Grybniak is restrained and enjoined, for three (3) years following the date of entry of this Final Judgment from participating, directly or indirectly, including, but not limited to, through any entity controlled by him, in any offering of securities; provided, however, that such injunction shall not prevent Grybniak from purchasing or selling securities for his own personal account.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Grybniak's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Grybniak or with anyone described in (a).

IV.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Grybniak is liable for a civil penalty in the amount of $100,000.00 pursuant to Section 20(d) of the Securities Act [15 U.S.C. § 77t(d)]. Grybniak shall satisfy this obligation by paying $100,000.00 to the Securities and Exchange Commission pursuant to the terms of the payment schedule set forth in paragraph V below after entry of this Final Judgment.

Grybniak may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request. Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm. Grybniak may also pay by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to

> Enterprise Services Center
> Accounts Receivable Branch
> 6500 South MacArthur Boulevard
> Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; Sergii "Sergey" Grybniak as a defendant in this action; and specifying that payment is made pursuant to this Final Judgment.

Grybniak shall simultaneously transmit photocopies of evidence of payment and case identifying information to the Commission's counsel in this action. By making this payment, Grybniak relinquishes all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to Grybniak. The Commission shall send the funds paid pursuant to this Final Judgment to the United States Treasury.

The Commission may enforce the Court's judgment for penalties by the use of all collection procedures authorized by law, including the Federal Debt Collection Procedures Act, 28 U.S.C. §

4

3001 et seq., and moving for civil contempt for the violation of any Court orders issued in this action. Grybniak shall pay post judgment interest on any amounts due after 30 days of the entry of this Final Judgment pursuant to 28 U.S.C. § 1961.

V.

Grybniak shall pay the total penalty due of $100,000.00 in four (4) equal installments to the Commission according to the following schedule:

(1) $25,000.00, within 30 days of entry of this Final Judgment;

(2) $25,000.00 within 120 days of entry of this Final Judgment;

(3) $25,000 within 240 days of entry of this Final Judgment; and

(4) $25,000 within 365 days of entry of this Final Judgment.

Prior to making the final payment set forth herein, Grybniak shall contact the staff of the Commission for the amount due for the final payment.

If Grybniak fails to make any payment by the date agreed and/or in the amount agreed according to the schedule set forth above, all outstanding payments under this Final Judgment, including post-judgment interest, minus any payments made, shall become due and payable immediately at the discretion of the staff of the Commission without further application to the Court.

VI.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consents of Defendants Grybniak and Opporty are incorporated herein with the same force and effect as if fully set forth herein, and that Defendants shall comply with all the undertakings and agreements set forth therein, including but not limited to, the following undertakings:

(a) Defendants shall permanently disable or destroy all OPP tokens in their possession or control, including any OPP tokens owned or held in the name of Opporty, within thirty (30) days of entry of this Final Judgment;

(b) Defendants shall, within thirty (30) days of entry of this Final Judgment, (i) certify, in writing, that OPP tokens are not currently available for trading on any crypto asset trading platform(s), and (ii) to the extent OPP tokens are available for trading on any crypto asset trading platform(s), Defendants shall issue requests to have OPP tokens removed from any further trading on such platform(s); and

(c) Defendants shall certify, in writing, compliance with the undertakings set forth above. The certification shall identify the undertaking, provide written evidence in the form of a narrative, and be supported by exhibits sufficient to demonstrate compliance. The Commission staff may make reasonable requests for further evidence of compliance, and Defendants agree to provide such evidence. Defendants shall submit the certification and supporting materials to Sarah Lamoree, Assistant Director, Division of Enforcement, with a copy to the Office of Chief Counsel of the Enforcement Division, no later than sixty (60) days from the date of the completion of the undertakings.

VII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, solely for purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. § 523, the allegations in the complaint are true and admitted by Defendants, and further, any debt for a civil penalty or other amounts due by Defendants under this Final Judgment or any other judgment, order, consent order, decree or settlement agreement entered in connection with this proceeding, is a debt for the violation by Defendants of the federal securities laws or any regulation or order issued under such laws, as set forth in Section 523(a)(19) of the Bankruptcy Code, 11 U.S.C. § 523(a)(19).

VIII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

Dated: \_\_\_\_\_February 4\_\_, 2025

/s/ Eric Komitee
Eric R. Komitee
United States District Judge